UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DENNIS LEROY HAMILTON,<br><br>Petitioner,<br><br>vs.<br><br>G. SWARTHOUT, Warden,<br><br>Respondent. | Case No: C 99-3985 SBA<br><br>**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION**<br><br>Docket 46 |

The parties are presently before the Court on Petitioner's "Motion Re: Fed. R. Civ. P., Rule 60(b)." Dkt. 46. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.  **BACKGROUND**

In 1987, Petitioner was convicted in Santa County Superior Court of two counts of first degree murder and one count of attempted murder, which were based on events occurring in 1984. He was sentenced to sixty-five years to life. The California Court of Appeal affirmed the conviction on August 23, 1989, and the California Supreme Court denied review on November 30, 1989.

Approximately nine years after his conviction, Petitioner filed a petition for writ of habeas corpus in Santa Clara Superior Court, which was denied. The California Supreme Court also denied habeas relief on August 26, 1998.

On August 25, 1999, Petitioner, through counsel, filed a habeas petition in this Court.[1]  On March 21, 2000, this Court granted the Respondent's motion to dismiss the petition on the ground that it was filed more than one year after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Dkt. 18.

On August 15, 2000, the Court denied petitioner's application for a certificate of appealability ("COA").  Dkt. 24.  Petitioner renewed his request for a COA before the Ninth Circuit Court of Appeals, which denied the request and dismissed the appeal on December 22, 2000.  Dkt. 25.  On January 4, 2001, Petitioner then filed a Petition for Rehearing on Application for Certificate of Appealability and Motion to Recall Mandate in the Ninth Circuit.  The Ninth Circuit denied the petition on February 6, 2001, and directed that, "No further filings shall be accepted in this closed docket."

On August 17, 2001, Petitioner, through counsel, filed a motion under Federal Rule of Civil Procedure 60(b)(6), raising the same claims alleged in the original Petition, but also adding a putative claim for actual innocence.  Dkt. 28.  Such claim was predicated on two pieces of evidence:  (1) a declaration from Petitioner's co-defendant claiming that Petitioner was not present at the time of the murder; and (2) in 1993, during the trial of another co-defendant, the trial court judge found that police officers who had investigated the murder had committed perjury and manipulated evidence.  Notably, Petitioner asserted that his actual innocence claim was not a "true" claim upon which habeas relief could be granted.  Rather, he alleged that the claim was intended as a procedural device to trigger the "gateway exception" to AEDPA's one-year limitations period.  Petitioner argued that because actual innocence claims toll the limitations period, all of his otherwise time-barred claims could be reviewed by the Court.

---

[1] Petitioner claimed: 1) that he was denied his right to a speedy trial, 2) that the prosecution failed to disclose evidence that would have allowed him to impeach prosecution witnesses, 3) that the trial court erred in denying use immunity to a co-defendant who would have given testimony exculpating him, 4) that he was denied the right to be present when the judge answered a question asked by the jury during deliberations, and 5) that he was denied effective assistance of counsel both at trial and on appeal.

On March 29, 2002, the Court denied the motion, finding that it was tantamount to an impermissible successive petition. Dkt. 36. On July 4, 2004, the Ninth Circuit, in a published opinion, affirmed the Court's denial of Petitioner's motion. Hamilton v. Newland, 374 F.3d 822 (9th Cir. 2004), cert. denied, 544 U.S. 908 (2005). Although disagreeing that the motion was a successive petition, the court held that the requisite "extraordinary circumstances" for reconsideration under Rule 60(b)(6) were absent. Id. at 823-24. In particular, the court noted that the evidence supporting Petitioner's actual innocence claim was available at the time he filed his federal habeas petition, and that his omission of such claim from his petition, even if due to his inexperience or inattention, did not amount to an "extraordinary circumstance" for purposes of Rule 60(b). Id. at 825.

On September 13, 2011, Petitioner filed the instant pro se Motion Re: Fed. R. Civ. P., Rule 60(b). The premise of the motion is that the reopening of this habeas action is appropriate under Rule 60(b)(6) in light of changes in the law subsequent to the entry of the judgment in this action regarding the equitable tolling of the AEDPA's limitations period, as set forth in Holland v. Florida, -- U.S. -- ,130 S.Ct. 2549 (2010) and Lee v. Lambert, 653 F.3d 929 (9th Cir. 2011) ("Lee I") (en banc).

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 60(b), reconsideration is appropriate only upon a showing of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) an adverse party's fraud, misrepresentation, or other misconduct; (4) a void judgment; (5) a satisfied, released or discharged judgment; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

In the habeas context, a motion for reconsideration under Rule 60(b)(6) requires a showing of "extraordinary circumstances." Phelps v. Alameida, 569 F.3d 1120, 1135 (9th Cir. 2009). "[A] change in the law will not always provide the truly extraordinary

- 3 -

circumstances necessary to reopen a case." Id. at 1133 (internal quotation marks and citation omitted).  To determine whether "extraordinary circumstances" have been presented that justify reopening a judgment rendered in a habeas action, the court may consider some or all of the following factors:  (1) the nature of the intervening change of law; (2) the petitioner's diligence in seeking relief; (3) the interest in finality; (4) the delay between the finality of the judgment and the motion for relief under Rule 60(b)(6); (5) the degree of connection between the new authority and the decision for which reconsideration is being sought; and (6) the interests of comity.  Lopez v. Ryan, 678 F.3d 1131, 1135-36 (9th Cir. 2012).  The Supreme Court has observed, however, that reconsideration under Rule 60(b)(6) "will rarely occur in the habeas context."  Gonzalez v. Crosby, 545 U.S. 524, 535 (2005).

## III. DISCUSSION

### A. CHANGE IN THE LAW

The first factor considers the nature of the intervening change in the law.  AEDPA imposes a one-year limitations period on all habeas petitions filed by persons in "custody pursuant to the judgment of a State court."   28 U.S.C. § 2244(d)(1).  According to Petitioner, Holland held for the first time that AEDPA's limitation period is subject to equitable tolling based on "egregious misconduct" by counsel, such as that allegedly committed by his counsel.  Mot. at 1-6.  However, well before Holland, the Ninth Circuit recognized this principle.  In Calderon v. United States District Court (Beeler), 128 F.3d 1283 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc), the court held that the conduct of the habeas petitioner's counsel may constitute an "extraordinary circumstance" for purposes of equitable tolling.  Id. at 1289.  Since Beeler was issued prior to the date Petitioner filed his federal habeas petition in 1999, Petitioner cannot legitimately claim that the issuance of Holland constitutes an extraordinary circumstance requiring reconsideration under Rule 60(b)(6).

Petitioner's reliance on Lee fares a little better.  The United States Supreme Court has held that a petitioner whose petition for habeas corpus is procedurally barred may nonetheless obtain consideration of the merits of a second or successive petition if he can establish his "actual innocence."  Schlup v. Delo, 513 U.S. 298, 314-315 (1995).  Schlup established an equitable exception which allows review of procedurally defaulted "constitutional claims only if [petitioner] falls within the narrow class of cases . . . implicating a fundamental miscarriage of justice."  513 U.S. 298, 314-315 (1995) (citations omitted).  A showing of actual innocence under Schlup is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."  Id. at 315.  "To be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."  Id. at 324.  Further, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."  Id. at 327.  Although Schlup was decided in the context of a second or successive petition, the Ninth Circuit in Lee applied Schlup to original petitions, holding that a credible showing of "actual innocence" could serve as an "equitable exception" to the AEDPA one-year limitations period.  Lee, 653 F.3d at 936-37.

Although Lee announced a new rule of law in this Circuit, it did not change the law in a manner germane to the judgment rendered in this action.  At the time the Petitioner originally filed his habeas petition in August 1999, there was no Supreme Court or Ninth Circuit precedent barring him from asserting an actual innocence claim.  Indeed, it was not until the original three-judge appellate panel in Lee v. Lampert, 610 F.3d 1125 (9th Cir. 2010) ("Lee I") rendered its short-lived decision on July 6, 2010, that the Ninth Circuit held for the first time that there is no "exception to the statute of limitations for federal habeas relief in the case of a state prisoner who makes a showing of actual innocence in his original petition."  Id. at 1126.  However, by the time Lee I was issued, Petitioner's appeal

of the judgment had long since been resolved.  Thus, this factor weighs against reconsideration.

### B. PETITIONER'S DILIGENCE

The second factor, whether Petitioner was diligent in pursuing the issue, also weighs against reconsidering the judgment.  The Court dismissed the Petition in March 2000 on the ground that it was filed eleven months after the AEDPA limitations period had expired, and that his claim for equitable tolling was unavailing.  Then, Petitioner waited until April 2001 to move for reconsideration under Rule 60(b)(6).  Hamilton, 374 F.3d at 824.  Petitioner's motion for reconsideration asserted the same arguments as set forth in his original petition, which the Court had dismissed over a year earlier.  Id.  In an effort to convince the Court that extraordinary circumstances were present to justify reconsideration, "he asserted a claim of actual innocence as a procedural device to avoid the statute of limitations and to get the district court to reach the merits of the same constitutional claims he had raised in the original petition."  Id.  However, the Ninth Circuit held that Petitioner was not diligent because the information supporting his actual innocence claim was available to Petitioner when he filed his federal habeas petition.  Id. at 825.  Thus, based on the prior proceedings in this action, the Court finds that Petitioner's lack of diligence weighs against reopening the instant case.

### C. INTEREST IN FINALITY

The third factor is whether granting relief under Rule 60(b) would "undo the past, executed effects of the judgment, thereby disturbing the parties' reliance interest in the finality of the case."  Phelps, 569 F.3d at 1137 (internal quotation marks omitted).  Insufficient information has been presented regarding the parties' reliance on the judgment.  Nonetheless, as set forth above, the instant matter has already been extensively litigated at both the district and appellate levels, and certiorari has been denied by the Supreme Court.  In its ruling on February 6, 2001, the Ninth Circuit instructed that, "No further filings shall be accepted in this closed docket."  Notwithstanding the Ninth Circuit's intent to bring finality to this action, Petitioner filed a motion for reconsideration, which was denied.

1  Petitioner appealed and, in a published opinion, the Ninth Circuit affirmed the denial of the
2  motion. Notably, in its opinion, the Ninth Circuit made it clear that Petitioner could have,
3  but failed to, raise his newly-asserted actual innocence claim in his original Petition. To
4  reopen the action at this juncture in the face of these prior proceedings and decisions would
5  contravene the interests of finality. Thus, this factor weighs against Petitioner.

### D.   DELAY

7  "The fourth factor concerns delay between the finality of the judgment and the
8  motion for Rule 60(b)(6) relief." Lopez, 678 F.3d at 1136. Here, Petitioner waited for over
9  a year after dismissal to bring his first Rule 60(b) motion. In addition, Petitioner did not
10 file his renewed Rule 60(b) motion until over nine years after the denial of his first motion.
11 These delays weigh against reopening Petitioner's habeas case.

### E.   CLOSE CONNECTION

13 The fifth consideration pertains to the degree of connection between Petitioner's
14 case and the new legal authority. Lopez, 678 F.3d at 1136. In Phelps, for example, the
15 intervening change in the law directly overruled the decision for which reconsideration was
16 being sought; the Ninth Circuit held that this favored reconsidering the judgment. 569 F.3d
17 at 1139. The same cannot be said here. Holland simply reaffirmed the rule in the Ninth
18 Circuit that the conduct of counsel may form the basis for an equitable tolling claim under
19 the AEDPA. As such, Holland did not overrule any of the authority on which the prior
20 dismissal of the Petition or the denial of reconsideration by the Ninth Circuit was based.

21 There also is no close connection between Lee and the prior rulings in this action.
22 As noted, Lee recognized an "actual innocence" exception to AEDPA's one-year
23 limitations period in the case of an original petition. 653 F.3d at 936-37. However,
24 Petitioner did not raise an actual innocence claim in his original Petition; as such, Lee has
25 no bearing on the Court's dismissal of the Petition. Likewise, Lee does not impact the
26 denial of Petitioner's first Rule 60(b) motion. In affirming the denial of that motion, the
27 Ninth Circuit held that the evidence supporting Petitioner's actual innocence claim was
28 available to him when he filed his habeas petition, and that the negligent omission of such

claim therefrom did not amount to an "extraordinary circumstance" justifying Rule 60(b) relief. Hamilton, 374 F.3d at 825. Notably, the Ninth Circuit did not find that Petitioner was foreclosed from relief under the Schlup gateway. As such, Lee's holding—that the Schlup gateway applies to original as well as second or successive petitions is inapposite to the judgment. In any event, Petitioner has not shown "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup, 513 U.S. at 327. The Court thus concludes that this factor weighs against reconsideration.

### F. COMITY

The last factor concerns the need for comity between independently sovereign state and federal judiciaries. Phelps, 569 F.3d at 1139. Given this Court and the Ninth's Circuit's findings regarding Petitioner's lack of diligence, the Court finds that this factor weighs against granting Petitioner's motion. See Lopez, 678 F.3d at 1137.

## IV. CONCLUSION

Having weighed and balanced the relevant considerations germane to a request under Rule 60(b)(6) based on new authority, the Court, in its discretion, concludes that Petitioner has failed to demonstrate the requisite "extraordinary circumstances" for reconsideration. Accordingly,

IT IS HEREBY ORDERED THAT:

1. Petitioner's "Motion Re: Fed. R. Civ. P., Rule 60(b)" is DENIED.

2. This Order terminates Docket No. 46.

IT IS SO ORDERED.

Dated: September 21, 2012

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge